NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HECTOR BIAGGI-PACHECO,<br><br>      Plaintiff,<br><br>v.<br><br>THE CITY OF PLAINFIELD, PLAINFIELD CITY POLICE DEPARTMENT, UNION COUNTY PROSECUTOR, UNION COUNTY PROSECUTOR'S OFFICE, STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF THE TREASURY, et al.,<br><br>      Defendants. | Civ. No. 16-3511 (KM)<br><br>MEMORANDUM<br>and ORDER |

KEVIN MCNULTY, U.S.D.J.:

      The plaintiff, Hector Biaggi-Pacheco, alleges in his complaint, removed from State court, that the defendants wrongfully arrested and detained him without probable cause. Now before the Court is a motion (ECF no. 3) to dismiss this complaint, removed from State court, for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). The motion is brought by the Union County defendants ("UCPO"), as well as the State of New Jersey, and the New Jersey Department of the Treasury (the "State"). The Plainfield defendants have answered the complaint, and are not involved in this motion.

      I will dismiss certain obviously defective claims. I have, however, granted leave to amend the complaint, and I anticipate that the allegations may be supplemented or altered. I have therefore put off consideration of certain matters raised in the motion to dismiss, but have included some legal discussion to guide subsequent proceedings in this case.

I. **BACKGROUND**

The relevant background consists of the allegations of the Complaint ("Cplt.", ECF no. 1 at 8) Those allegations, not yet tested by any fact finder, are assumed to be true for purposes of this motion only. *See* Section II, *infra*.

The plaintiff, Mr. Biaggi-Pacheco, is a resident of Plainfield, New Jersey. On December 5, 2014 (apparently),[1] the Plainfield police arrested him on drug charges. The plaintiff maintains that there was no evidence to support the charges, and that he was innocent of them. The charges, he alleges, were voluntarily dismissed on January 16, 2015. Mr. Biaggi-Pacheco was nevertheless held in Union County Correctional Institute until January 22, 2015, when he was released. These actions are alleged to have been part of a policy and practice of the UCPO and the State, by which violations of Plainfield citizens' civil rights were encouraged and condoned. (Cplt., Facts Common to All Counts, ¶¶ 1–8)

The complaint asserts seven causes of action for damages:

Count I: Wrongful arrest and malicious prosecution (42 U.S.C. § 1983)

Count II: Wrongful or false imprisonment

Count III: Malicious prosecution

Count IV: Intentional infliction of emotional distress

Count V: Abuse of process

Count VI: Negligence

---

[1] The date of arrest is taken from the plaintiff's responding brief on this motion. Attached to that brief is a New Jersey Promis/Gavel printout that appears to confirm an arrest date of December 5, 2014, and an administrative dismissal as of January 16, 2015. (ECF no. 5-3) Also attached is a Union County Verification of Incarceration showing a release date of January 22, 2015. (ECF no. 5-4) These are public records of which I may take judicial notice on a motion to dismiss. *See In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 & n.7 (3d Cir. 2016); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999). The Complaint gives the date of arrest as January 16, 2015 (the same date the charges were dismissed). (Cplt., Introduction ¶ 1) I take that to be a mere scrivener's error, because the complaint also alleges that the plaintiff was held for a month and a half. (Cplt., Facts Common to All Counts ¶ 2)

Count VII:   New Jersey Civil Rights Act (N.J. Stat. Ann. § 10:6-2)

All counts are alleged against Defendants generally.

The Complaint was originally filed in the Superior Court of New Jersey, Union County, under docket no. UNN-L-1647-16. On June 16, 2016, UCPO and the State removed it to federal court on the basis of this Court's subject matter jurisdiction over federal law claims under 42 U.S.C. § 1983. (Notice of Removal, ECF no. 1)

On July 1, 2016, UCPO and the State filed their motion to dismiss the complaint. (ECF no. 3) On August 1, 2016, the plaintiff filed a response (ECF no. 5), and on December 19, 2016, UCPO and the State filed a reply (ECF no. 8). Defendants the City of Plainfield and the Plainfield Police Department[2] have not moved to dismiss, but have filed an Answer to the Complaint (ECF no. 6).

## II.   STANDARD OF REVIEW

FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed

---

[2]   In drafting an amended complaint, the plaintiff may also consider that the Plainfield Police Department (as opposed to the City of Plainfield itself) is not an independent entity with the capacity to be sued. *See* N.J. Stat. Ann. § 40A: 14–118 (municipal police department is "an executive and enforcement function of municipal government"); *Buffaloe v. City of Plainfield*, No. CIV.A. 12-03295 ES, 2013 WL 2182327, at *2 (D.N.J. May 20, 2013) (dismissing § 1983 and state tort claims against Plainfield Police Department because it is merely a department of City government, "not a separate judicial entity from the City of Plainfield").

factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

The United States Court of Appeals for the Third Circuit has provided a three-step process for analyzing a Rule 12(b)(6) motion:

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to a state a claim for relief. *See* [*Iqbal*, 556 U.S.] at 675; *Argueta* [*v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)]. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

*Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). *Accord Carpenters Health and Welfare Fund of Philadelphia v. Management Resource Systems, Inc.*, 837 F.3d 378, 382 (3d Cir. 2016) (citing *Bistrian*).

### III. THE STATE'S AMENABILITY TO SUIT UNDER § 1983 and NJCRA

The State moves to dismiss the Complaint because it is not amenable to suit as a "person" under either 42 U.S.C. § 1983 or the parallel provisions of the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-2. By their terms, these grounds apply only to Counts I and VII.

Section 1983 imposes liability on "[e]very *person* who, acting under color of any statute, ordinance, regulation, custom, or usage, of any State" subjects a person to a deprivation of certain rights. 42 U.S.C. § 1983 (emphasis added). The State itself, however, is a sovereign, not a "person" within the meaning of Section 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 64–66, 109 S. Ct. 2304, 2308–10 (1989). State officials, of course, "literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself." *Id.* at 71, 109 S. Ct. at 2312; *see also Kentucky v. Graham,* 473 U.S. 159, 165, 105 S. Ct. 3099, 3104 (1985).[3] The upshot, then, is that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Hafer v. Melo,* 502 U.S. 21, 26, 112 S. Ct. 358, 362 (1991) (quoting *Will,* 491 U.S. at 71, 109 S. Ct. at 2312).

The New Jersey Civil Rights Act ("NJCRA"), like § 1983, grants a cause of action against "a *person* acting under color of law." N.J. Stat. Ann. § 10:6-2 (emphasis added). A "person" does not include the State of New Jersey. *Didiano v. Balicki,* 488 F. App'x 634, 638 (3d Cir. 2012) (citing definition of "person" in N.J. Stat. Ann. § 1:1-2, which excludes the State except in certain property disputes not relevant here). On these grounds, NJCRA claims would be dismissed to the same extent as § 1983 claims. *See B.D. v. Bd. of Educ. of the Greater Egg Harbor Reg'l High Sch. Dist.,* 2015 WL 4508303, at *4 n.6 (D.N.J.

---

[3] Individual defendants named in their personal, not official, capacities remain amenable to suit under § 1983 as "persons," and may assert personal defenses to liability. *Hafer,* 502 U.S. at 25, 112 S. Ct. at 362; *Estate of Lagano v. Bergen Cnty. Prosecutor's Office,* 769 F.3d 850, 856 (3d Cir. 2014).

July 24, 2015); *Endl v. New Jersey*, 5 F. Supp. 3d 689, 697 (D.N.J. 2014) (definitions of "person" under § 1983 and NJCRA are construed in parallel).[4]

The complaint names the State, as well as a division of State government, the Department of the Treasury. As to them, the issue is an easy one. For purposes of § 1983 and the NJCRA, neither is a "person" amenable to suit. *See Graham, supra; Hafer, supra; Will, supra.* On these grounds, Counts I and VII must be dismissed as against the State.

### IV. UCPO'S MOTION TO DISMISS

UCPO asserts a number of grounds for dismissal of the claims.

To begin with, however, there is some ambiguity about whom the plaintiff means to sue. The caption of the complaint names (a) Union County Prosecutor and (b) the Union County Prosecutor's Office. It is possible that party (a) was intended to be Union County, not the Union County Prosecutor. In the body of the complaint, Union County is referred to, and the designation Union County Prosecutor is never used. The initial listing of parties names "Defendant, Union County" as a municipal corporation and the policymaker for the Union County Prosecutor's office. (Cplt., Parties ¶ 4) There is a stray reference to the "prosecutor handling the case." (Cplt., Introduction, ¶ 2)

On the other hand, UCPO took the caption at face value and have understood the complaint to be directed to the Union County Prosecutor. The Notice of Removal, for example, says as much. The motion to dismiss, too, devotes considerable attention to prosecutorial immunity, a personal defense. *See generally Moncalvo v. City of Plainfield,* No. 2:16-CV-03513 (WJM), 2016 WL 6662694, at *3 (D.N.J. Nov. 10, 2016)

---

[4] More generally speaking, the NJCRA was patterned on § 1983, and has been construed in parallel. *Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 298 (D.N.J. 2012); *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011). *See also Gonzalez v. Auto Mall 46, Inc.*, 2012 WL 2505733, at *4 (N.J. Super. Ct. App. Div. July 2, 2012) (citing *Rezem Family Assocs., LP v. Borough of Millstone*, 30 A.3d 1061, 1067 (N.J. Super. Ct. App. Div. 2011), *certif. denied*, 208 N.J. 366, 29 A.3d 739 (2011)).

(discussing personal immunity of Union County Prosecutor in a removed case).[5]

A second fundamental flaw is that the Complaint simply contains no facts concerning what the County, acting through individual prosecutors, is alleged to have done. The complaint does not even state specifically what the charges against Mr. Biaggi-Pacheco were, who filed them, and in what form. Some minimal specificity, as required by the federal rules, is needed. The problem is exacerbated by group pleading against all defendants, jointly and severally. The plaintiff may be alleging, for example, that UCPO filed unfounded charges; he may be alleging only that UCPO negligently caused him to be held after charges were dismissed.

Clarification of the plaintiff's claims will bear on the applicability, or not, of certain defenses. These include UCPO's amenability to suit as a "person" under 42 U.S.C. § 1983 and NJCRA, as well as sovereign immunity. (These are discussed more fully herein in relation to the State.) For example, the Union County Prosecutor (or Prosecutor's Office) is considered an arm of the State when performing classic law enforcement functions, but not when performing administrative functions of County government. *See Fitzgerald v. Kother*, No. CV 15-7773 (JMV), 2017 WL 66383, at *3 (D.N.J. Jan. 6, 2017) (citing *Beightler*

---

[5] That assumption may have had a legal basis. A suit against the Union County Prosecutor's Office would raise a separate concern:

> [U]nder New Jersey law, a county prosecutor's office . . . has "no juridical status apart from that of the County Prosecutor or the State," *McKinney v. Prosecutor's Office*, No. 13-2553, 2014 WL 2574414, at *7 (D.N.J. June 4, 2014) (internal citations omitted) [citing *Watkins v. Attorney Gen. of New Jersey*, No. CIV. 06-1391(JLL), 2006 WL 2864631, at *3 (D.N.J. Oct. 4, 2006)] . . . .

*Moncalvo v. City of Plainfield*, No. 2:16-CV-03513 (WJM), 2016 WL 6662694, at *2 (D.N.J. Nov. 10, 2016). It is often unimportant to rigidly observe the distinction between the prosecutor and the office, but it may be necessary to do so here in order to determine what defenses, or set of defenses, may apply.

*v. Office of Essex County Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009); *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996)). As to the relationships among the claims, the UCPO defendants, and the State government, any discussion at this point would be speculative.

The motion to dismiss, then, is granted as to all counts as to the UCPO defendants, for failure to plead with the specificity required by *Twombly* and *Iqbal, supra*. The plaintiff filed his complaint in State court under State pleading standards, and has made a very reasonable request that he be granted leave to file an amended complaint in accordance with federal standards.

Leave is granted to file an amended complaint within 30 days. Unknown facts may be alleged on information and belief, if the plaintiff states specifically the grounds for his belief and the reason the facts are not within his control. But he must state such facts as he may possess. In particular, the amended complaint must describe, in chronological order, the events that occurred, the persons and entities involved, and the particular acts they are individually alleged to have performed.[6]

### V.  SOVEREIGN IMMUNITY AND MISCELLANEOUS MATTERS

The State and UCPO have also moved to dismiss the Complaint under the Eleventh Amendment and doctrines of sovereign immunity. As to the State, the federal law claims have been dismissed, so these grounds relate only to the State law claims in Counts II–VI. As to USPO, these grounds relate to such claims as may be asserted in the anticipated amended complaint. For the parties' guidance in drafting or responding to such an amended complaint, I will state the following.

First, the parties must, as always, state the basis for this Court's subject matter jurisdiction, or lack thereof.

---

[6]  The Court also requests, but does not require, that for ease of reference the paragraphs of the amended complaint be numbered serially from beginning to end.

Second, any motion to dismiss the amended complaint must discuss the precise basis for any claim of sovereign immunity. It is true that the State has waived its "forum immunity" by removing the case to federal court. It is also true, however, that the State retains any and all defenses, including sovereign immunity, that it might have asserted in a state-court suit. *Port Auth. Trans-Hudson Corp. v. Feeney,* 495 U.S. 299, 305–06, 110 S. Ct. 1868, 1873 (1990) (citing *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 241, 105 S. Ct. 3142 (1985)); *Lapides v. Bd. of Regents of Univ. Sys. of Georgia,* 535 U.S. 613, 122 S. Ct. 1640 (2002); *Lombardo v. Commonwealth of Pennsylvania,* 540 F.3d 190, 198 (3d Cir. 2008).

Should the State or UCPO defendants assert sovereign immunity, they must do so specifically and state why the complaint would be dismissed on sovereign immunity grounds if this action had remained in state court. In particular, any motion to dismiss the amended complaint should state clearly whether and to what extent such grounds relate to the state law claims. *See generally Moncalvo v. City of Plainfield,* No. 2:16-CV-03513 (WJM), 2016 WL 6662694, at *2–*3 (D.N.J. Nov. 10, 2016) (discussing State Tort Claims Act immunity in relation to removed case). Given that the complaint will be amended in any event, the parties may take advantage of the opportunity to clarify their briefs and present a sharply focused, contested issue to the Court.

Third, the plaintiff shall carefully identify the defendants being sued, and shall name defendants which possess, under state law, the independent capacity to be sued. *See* nn.2, 5, *supra.*

## ORDER

Accordingly, IT IS this 30th day of January, 2017,

ORDERED that the motion to dismiss (ECF no. 3) is GRANTED as to Counts I and VII insofar as they are asserted against the State; GRANTED as to all Counts insofar as they are asserted against UCPO; and otherwise DENIED.

The plaintiff is granted leave to file an amended complaint within 30 days.

_____
**HON. KEVIN MCNULTY**
**United States District Judge**