UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

HECTOR W. BIAGGI-PACHECO,

    Plaintiff,

v.

THE CITY OF PLAINFIELD,
PLAINFIELD CITY POLICE
DEPARTMENT, UNION COUNTY,
STATE OF NEW JERSEY, ET AL.

    Defendants.

Civ. No. 16-3511 (KM) (JBC)

OPINION

## KEVIN MCNULTY, U.S.D.J.:

The plaintiff, Hector Biaggi-Pacheco, alleges that the Defendants wrongfully arrested, charged, and detained him. Despite the dismissal of the charges against him, he was allegedly held in Union County jail for an additional six days prior to his release. In his Second Amended Complaint ("2AC"),[1] Mr. Biaggi-Pacheco, for the first time, seeks to add as a defendant the police officer who arrested him, Michael Metz.

Now before the Court is Officer Metz's motion to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). His principal contention is that the Plaintiff filed the Second Amended Complaint

---

[1]     Record items cited repeatedly will be abbreviated as follows:

    "2AC" =     Second Amended Complaint (DE 40)

    "Metz Br." =     Brief in Support of the Motion to Dismiss the Second Amended Complaint (DE 49-2)

    "Pl. Br." =     Plaintiff's Brief in Opposition to Officer Metz's Motion to Dismiss the Second Amended Complaint (DE 55)

    "Metz Reply" =     Reply Brief of Officer Metz (DE 58)

1

after the expiration of the relevant statutes of limitations, and that it does not relate back to the date of filing of the original, timely-filed complaint. *See* Fed. R. Civ. P. 15(c). For the reasons stated herein, I will grant Officer Metz's motion to dismiss.

## I. Background

### a. Factual Summary

Except insofar as they name Officer Metz, the allegations of the Second Amended Complaint are similar to those of the original Complaint and the First Amended Complaint. (*See* DE 1; DE 11; 2AC). The allegations are assumed to be true for purposes of this motion only. *See* Section II, *infra*.

Mr. Biaggi-Pacheco is a resident of Plainfield, New Jersey, which is in Union County. (2AC at 3 (¶ 1)).[2] Michael Metz is a police officer employed by the Plainfield City Police Department. (2AC at 4 (¶ 3)). While conducting a sweep and mass arrest on December 5, 2014, Officer Metz arrested Mr. Biaggi-Pacheco and he was incarcerated in the Union County Jail. (2AC at 7 (¶ 3); 2AC at 4, (¶ 3)). Mr. Biaggi-Pacheco was charged with a drug offense. (2AC at 7 (¶ 2)). On January 16, 2015, the charges against Mr. Biaggi-Pacheco were administratively terminated. (*Id.*) Despite the charges having been dropped, he was not released from incarceration until six days later, on January 22, 2016. (2AC at 8, (¶ 5)). Mr. Biaggi-Pacheco maintained his innocence throughout his incarceration and thereafter. (*Id.* at 8, (¶ 4)).

The Second Amended Complaint, like its predecessor, asserts seven causes of action, all of which now include Officer Metz as a defendant:

Count I: Wrongful Arrest and Malicious Prosecution (42 U.S.C. § 1983)

Count II: Wrongful Imprisonment

Count III: Malicious Prosecution

---

[2] The paragraph numbering inconveniently starts over at paragraph 1 in each subsection of the Second Amended Complaint. Citations to the Second Amended Complaint will therefore contain the page number where the citation occurs, in addition to the paragraph number that corresponds to the subsection.

Count IV: Intentional Infliction of Emotional Distress

Count V: Abuse of Process

Count VI: Negligence

Count VII: New Jersey Civil Rights Act

(*Id.* at 12-24).[3] The Plaintiff seeks compensatory damages, as well as attorneys' fees, punitive damages, and costs of suit.

## b. Procedural History

Plaintiff first filed this action in the Superior Court of New Jersey on May 19, 2016. (DE 1 at 8). The Union County defendants removed the original Complaint to this Court on June 16, 2016 (DE 1 at 1), and moved to dismiss the Complaint. (DE 3). On January 30, 2017, I dismissed certain claims directed against the State of New Jersey and granted the Plaintiff leave to amend his complaint, stating fairly specifically what would need to be alleged to make out a claim. (DE 10).

On March 1, 2017, Plaintiff filed his First Amended Complaint (DE 11), which Defendants subsequently moved to dismiss. (DE 18; DE 24). On October 13, 2017, I dismissed all counts against the State of New Jersey and some of the counts against defendants UCPO and Union County. (DE 29; DE 30).

On April 6, 2018, Mr. Biaggi-Pacheco filed the Second Amended Complaint, which is the currently operative pleading. (2AC). It is substantially similar to the First Amended Complaint, but for the first time it names Officer

---

3   In a prior opinion and order addressing the First Amended Complaint (DE 29, 30), I dismissed Count III (malicious prosecution), Count IV (intentional infliction of emotional distress), and Count V (abuse of process) as to Union County and UCPO. The Second Amended Complaint, however, continues to assert those counts, without significant alteration, against those same Defendants. I will adhere to my prior ruling; Counts III, IV, and V of the Second Amended Complaint remain dismissed as against Union County and UCPO. Because they were dismissed for, *inter alia,* failure to state facts constituting a viable claim, and because the factual allegations remain unchanged, those dismissals should be deemed to apply to all Defendants, including (as alternative grounds) Defendant Metz.

3

Metz as a Defendant. Now before the Court is Officer Metz's motion to dismiss the Second Amended Complaint as untimely. (DE 49).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

The statute of limitations is an affirmative defense. Nevertheless, if a timeliness defect is apparent from the face of the complaint, it may be subject to dismissal under Rule 12(b)(6):

4

> Technically, the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer. Rule 12(b) states that '[e]very defense ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion....' The defenses listed in Rule 12(b) do not include limitations defenses. Thus, a limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion. However, the law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.

*Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (citations and quotations omitted).

### III. Analysis

Officer Metz argues that his inclusion as a defendant in the Second Amended Complaint is barred by the statutes of limitations that correspond to Plaintiff's causes of action. The parties do not dispute that all of the applicable statutes of limitations are two years.[4]

Mr. Biaggi-Pacheco was arrested on December 5, 2014, and released on January 22, 2015. The causes of action surely accrued in that date range. Thus the complaint would have been timely if filed within two years after those dates: *i.e.*, by December 5, 2016, at the earliest, or January 22, 2017, at the latest.

---

[4] *See Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001) (relying on the parties as to the applicable statute of limitations for purposes of Rule 15(c) analysis); *Harry v. City of Philadelphia*, No. 03-661, 2004 WL 1387319, at *10 (E.D. Pa. June 18, 2004) ("It is well-established that the state's statute of limitations for personal injury actions applies to all actions brought under § 1983.") (citing *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599-600 (3d Cir.1998)); *Kreimer v. Nat'l R.R. Passenger Corp.*, No. 11-3453, 2011 WL 4906631, at *1 (D.N.J. Oct. 13, 2011) ("Under New Jersey law, a personal injury claim must be brought within two years of the date of accrual. Thus, it follows that the statute of limitations for § 1983 claims in New Jersey is two years. A § 1983 cause of action accrues under federal law when the allegedly wrongful act occurred.") (citations omitted).

5

Plaintiff filed the original Complaint in state court on May 19, 2016.[5] That date, of course, was well within the two-year limitations period, which expired on December 5, 2016, at the earliest. The original complaint, however, did not name Officer Metz as a defendant, and neither did the First Amended Complaint.[6]

The Second Amended Complaint was filed on April 6, 2018, over a year after the expiration of the two-year limitations period. The Second Amended Complaint is the first pleading that names Officer Metz as a defendant. If applicable, however, "Rule 15(c) can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint." *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001); *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003).[7] Officer Metz now argues that the Second Amended Complaint does not relate back to the original Complaint under Rule 15(c), and that therefore, as to him, the claims in the Second Amended Complaint are time-barred.

Plaintiff points out that the original Complaint named police officers, whose names he did not then know, as fictitious John/Jane Doe defendants:

> Defendants, John and Jane Does (1-100), were the Director(s) of Public Safety, supervisory officers, and/or policy makers for Plainfield City, the Plainfield City Police Department, and John/Jane Roe(s), 1-25, fictitiously named City of Plainfield Police Officers, who participated in and condoned or ratified the illegal actions complained of in the within Complaint.
>
> . . .
>
> At all times referenced herein, . . . John/Jane Roe(s), 1-25, fictitiously named City of Plainfield Police Officers, behaved improperly in arresting and

---

[5] It was removed to this court within 30 days, as required. That date is irrelevant to the statute of limitations analysis.

[6] The First Amended Complaint, which also did not name Officer Metz, was filed on March 1, 2017. That date was outside the two-year limitations period, which expired on January 22, 2017, at the latest.

[7] Rule 15(c) was "amended as part of the general restyling of the Civil Rules" in 2007. Fed. R. Civ. P. 15 Committee Note to 2007 Amendments. There was no change of substance. The pre-2007 cases cited in this Opinion therefore remain good law. *See Dean v. Deptford Twp.*, No. 13-5197, 2015 WL 3755056, at *3 n.2 (D.N.J. June 16, 2015).

6

detaining Plaintiff, Biaggi-Pacheco, violating his State and Federal Civil Rights.

. . .

Moreover, the acts of the Defendants were a part of an ongoing policy and practice of these various violations of Civil Rights, and/or were a natural and foreseeable consequence of the disregard for the Civil Rights of individuals in Plainfield and being prosecuted by the Union County Prosecutors Office, such that the Defendants, City of Plainfield, Plainfield Police Department, John/Jane Roe(s), 1-25, fictitiously named City of Plainfield Police Officers, the Union County Prosecutor's Office, and the State of New Jersey, had encouraged and condoned these Civil Rights violations and/or failed to establish a system to prevent them.

(DE 1 at 9 ¶ 3; DE 1 at 13 ¶ 2; DE 1 at 14-15 ¶ 5).

Plaintiff's implication is that "John Doe" served as a placeholder for Officer Metz and stopped the running of the statute of limitations as to him. The law is not so simple. Replacing a fictitiously named "Doe" with a party's real name amounts to the changing of a party or the naming of a new party under Rule 15(c). *Garvin*, 354 F.3d at 220; *see also Velez v. Fuentes*, No. 15-6939, 2017 WL 2838461, at *3 (D.N.J. June 30, 2017); *Anderson v. City of Philadelphia*, 65 F. App'x 800, 802 (3d Cir. 2003) ("The district court correctly concluded that [the statute of limitations period] could not be extended by naming the 'John Doe' set forth in the complaint."). Thus it is necessary to determine whether the naming of Officer Metz in the Second Amended Complaint relates back to the date of the original Complaint under Rule 15(c). I answer that question in the negative.

### A. Relation Back

Rule 15(c)(1) provides:

An amendment to a pleading relates back to the date of the original pleading when:

> . . .
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the

summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

"The Rule is written in the conjunctive, and courts interpret [Rule 15(c)(1)(C)] as imposing three conditions, all of which must be met for a successful relation back of an amended complaint that seeks to substitute newly named defendants." *Singletary*, 266 F.3d at 194. Those three requirements are:

(1) the claim against the newly named defendant must have arisen "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" (*i.e.*, Rule 15(c)(1)(B) must be satisfied);

(2) the newly named defendant must have received such notice of the action that it will not be prejudiced (*i.e.*, Rule 15(c)(1)(C)(i) must be satisfied); and

(3) the newly named defendant must have known, or should have known, that the action would have been brought against it, but for a mistake concerning the newly named defendant's identify (*i.e.*, Rule 15(c)(1)(C)(ii) must be satisfied). *Id.*

The first condition is satisfied here because the Second Amended Complaint arises from the same occurrence set forth in the original pleading. Both complaints involve the arrest and allegedly prolonged incarceration of the Plaintiff from December 5, 2014 through January 22, 2015. *See Garvin*, 354 F.3d at 222 ("[C]learly the new claims against the individual officers alleging excessive force 'arose out of the conduct, transaction, or occurrence set forth ... in the original pleading.'" (citing Fed. R. Civ. P. 15(c))).

The second and third conditions pertain to the newly-named defendant's notice of the action or the fact that, but for a mistake, it would have been brought against that defendant. The second and third conditions must be met

8

within the period provided by Rule 4(m) for service of the summons and complaint, which is 90 days after the filing of the timely complaint. *Singletary*, 266 F.3d at 194 (presuming that the limit "provided by Rule 4(m) for serving the summons and complaint" of Rule 15(c) applies to the filing date of the timely complaint as opposed to a subsequent complaint); *Garvin*, 354 F.3d at 222 (same). That period concededly expired long before the filing of the Second Amended Complaint.

Officer Metz certifies without contradiction that at the time of the original Complaint, the time of the First Amended Complaint, or even long thereafter, he did not have any notice of this lawsuit. He learned about it when he was served with the summons and Second Amended Complaint in April 2018. (DE 49-6 at 3 ¶ 3; DE 58-6 ¶ 13). Evidence of actual notice is therefore lacking. *See Singletary*, 266 F.3d at 194; *Garvin*, 354 F.3d at 222.

Actual notice, however, is not the only kind; constructive notice will suffice under certain circumstances. *Singletary*, 266 F.3d at 197. If a newly named defendant has not received actual notice of the action, there are two methods of imputing notice: (1) the "shared attorney" method[8]; and (2) the "identity of interest" method. *Garvin*, 354 F.3d at 222-23. "'Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.'" *Singletary*, 266 F.3d at 197 (quoting 6A Charles A. Wright et al., *Federal Practice and Procedure* § 1499, at 146 (2d ed. 1990)). Thus, the relevant issue is whether Officer Metz has a sufficient identity of interest with an originally named and served defendant, such that notice of the action can be imputed to Officer Metz. *Id.* at 197.

---

[8] Because Officer Metz does not share an attorney with any of the named Defendants, I set this alternative aside.

9

Officer Metz is a police officer of the City of Plainfield. His employer(s), the City of Plainfield and the "Plainfield City Police Department,"[9] were both named in the original Complaint and both were apparently duly served within the time limits of Rule 4(m).[10] (DE 1 at 8).

The question, then, is whether Officer Metz is "so closely related to his employer for the purposes of this type of litigation that these two parties have a sufficient identity of interest so that the institution of litigation against the employer serves to provide notice of the litigation to the employee." *Singletary*, 266 F.3d at 198. The U.S. Court of Appeals for the Third Circuit has construed imputation narrowly when the party that is sought to be added is a staff-level employee. *Walters v. Muhlenburg Twp. Police Dep't*, 536 F. App'x 213, 216 (3d Cir. 2013) (finding that where the township police department had been named as a defendant, a later-named police officer could not "be deemed to have notice solely by virtue of his employment with the defendant" for purposes of Rule 15(c) relation-back analysis); *Garvin*, 354 F.3d at 227 (holding that police officers do not rank high enough in the municipal hierarchy to permit the conclusion that they have an identity of interest with the municipality for purposes of notice); *Singletary*, 266 F.3d at 199 (finding that a prison psychologist, a staff-level employee, did not share an identity of interest with the prison); *see also Anderson*, 65 F. App'x at 800.

---

[9] The police department is properly called the Plainfield Police Division. As held in my prior Opinion dismissing the original Complaint, the police department is not an independent entity that may sue or be sued. The proper defendant is the City of Plainfield, of which the police department is a division. (DE 10 at 3 n.2) (citing *Buffaloe v. City of Plainfield*, Civ. No. 12-03295, 2013 WL 2182327, at *2 (D.N.J. May 20, 2013)).

[10] On February 18, 2005, counsel for Mr. Biaggi-Pacheco served a notice of tort claim on the police department using the form promulgated by the City of Plainfield. (DE 55-3) Plaintiff filed the original Complaint in State court on May 19, 2016. (DE 1 at 8). Defendants removed that Complaint to this Court on June 6, 2016. (DE 1) Plainfield and the Police Department filed an Answer to the original Complaint on August 17, 2016. (DE 6). The Answer does not assert that service was late or faulty.

Other courts in this District have held squarely that ordinary police officers do not possess the necessary identity of interest with their municipal employers. *See Davis v. Perez*, No. 16-CV-2784 (NLH) (JS), 2017 WL 3567973, at *6 (D.N.J. Aug. 16, 2017), *aff'd and adopted*, No. 16-CV-02784 (NLH) (JS), 2018 WL 2113267 (D.N.J. May 8, 2018); *Velez v. Fuentes*, No. 15-CV-6939, 2017 WL 2838461, at *4 (D.N.J. June 30, 2017) ("Absent other circumstances that permit an inference that notice was received, municipal police officers do not have an identity of interest with their city employer."). *See also Lassoff v. New Jersey*, No. 05-CV-2261 (JEI), 2006 WL 5509595, at *1 (D.N.J. Jan. 31, 2006).

Adherence to all of the Rule's requirements serves to balance fairness to defendants against fairness to plaintiffs:

> [A]llowing the relation back of amended 'John Doe' complaints risks unfairness to defendants, who, . . . may have a lawsuit sprung upon them well after the statute of limitations period has run. But fairness to the defendants is accommodated in the other requirements of [Rule 15(c)].

*Singletary*, 266 F.3d at 201 n. 5. Those "other requirements" consist primarily of the requirement that the defendant be on actual or constructive notice of the claim, discussed above.

I do not rule out the possibility that equitable considerations may influence the propriety of relation-back. Facts such as the information available to the plaintiff and the defendant's responsibility for the unavailability of information may come into play. To look at it another way, a court may be more indulgent of a "mistake" and any attendant delay if it finds that they were justifiable under the circumstances.

On that score, the Plaintiff points to the following language from *Singletary*:

> It is certainly not uncommon for victims of civil rights violations (e.g., an assault by police officers or prison guards) to be unaware of the identity of the person or persons who violated those rights. This information is in the possession of the defendants, and many plaintiffs cannot obtain this

11

information until they have had a chance to undergo extensive discovery following institution of a civil action. If such plaintiffs are not allowed to relate back their amended "John Doe" complaints, then the statute of limitations period for these plaintiffs is effectively substantially shorter than it is for other plaintiffs who bring the exact same claim but who know the names of their assailants; the former group of plaintiffs would have to bring their lawsuits well before the end of the limitations period, immediately begin discovery, and hope that they can determine the assailants' names before the statute of limitations expires. There seems to be no good reason to disadvantage plaintiffs in this way simply because, for example, they were not able to see the name tag of the offending state actor.

266 F.3d at 201 n. 5.[11]

I understand and am sympathetic to the plight of the plaintiff in the hypothetical, but common, scenario depicted in *Singletary*. Indeed, I am generally lenient with respect to an arrestee who does not know and has not been told the name of an arresting officer. The factual scenario posed in *Singletary*, however, does not match the facts of this case.

Here, Plaintiff filed the original complaint in May 2016 and Defendants removed it to this Court a month later. At that point, the limitations period still had another half year to run. Counsel for the plaintiff had means at his disposal to obtain the necessary information in time to use it.

Plaintiff's counsel states that the delay in learning the arresting officer's name was "specifically a consequence of the City of Plainfield Police Department and the Union County Prosecutor's Office's inability to produce any records concerning [Mr. Biaggi-Pacheco's] arrest until near the end of 2017." (Opp. at 11). Additionally, "the delay in the Plaintiff obtaining Rule 26 disclosures until late 2017 included over a year and half of motion practice with various defendants." (*Id.*). (No discovery-related "motion practice" appears

---

[11] *Singletary* was here discussing and disapproving cases stating that the plaintiff's unawareness of the officer's name could not be considered a "mistake" for purposes of changing a party or the name of a party. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii) (defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity").

12

on the docket; counsel seems to be referring to the motions to dismiss the original and First Amended complaints.)

True, it was not until November 27, 2017, that Union County supplied "Initial Disclosures pursuant to Fed. R. Civ. P. 26." (DE 55-4). Those disclosures include a copy of the record of booking and complaint-warrant, both of which list Michael Metz as the arresting officer. (*Id.* pp. 2, 6–7). Although the Rule requires certain disclosures without a discovery request, the event triggering the obligation is the initial conference pursuant to Rule 26(f). *See* Fed. R. Civ. P. 26(1)(C) (14-day deadline running from conference).

Acting within his discretion, the Magistrate Judge delayed the Rule 26 conference in light of the unsettled status of the allegations and claims. That period of delay ended up encompassing the first, successful motion to dismiss, the filing of the First Amended Complaint and resolution of related motions to dismiss, and the motion to amend a second time. (*See* DE 7, 35, 39; *see also* DE 41). During that period, however, the Plaintiff was not lulled into thinking that Rule 26 disclosures were on the way; counsel knew the Rule 26 conference that would trigger disclosure obligations had not yet taken place.

The Plaintiff claims that he was stymied in his efforts to obtain the officer's name. His complaints, however, are general and unsupported by any affidavit or certification as to any efforts that were made. On the record before me, I cannot find due diligence, or really any diligence, here. As the expiration of the statute of limitations loomed, the plaintiff could have requested limited discovery to ascertain the name of the arresting officer. *See generally Techtronic Indus. N. Am., Inc. v. Inventek Colloidal Cleaners LLC*, No. 13-CV-4255, 2013 WL 4080648, at *2 (D.N.J. Aug. 13, 2013) (applying "reasonableness standard to determine if expedited discovery is appropriate"); *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (allowing expedited discovery in § 1983 false arrest case so that the plaintiff could learn the identities of the police officers involved in the incident). A single interrogatory presumably would have sufficed. The record, however, reveals no effort of any kind to

ascertain the arresting officer's name between the filing of the original Complaint and the expiration of the limitations period.

Defendant Metz adds that, even setting aside the discovery process, the plaintiff either possessed or could easily have obtained this information. He submits a supplemental certification ("Metz. Supp. Cert.", DE 58-6) attaching exhibits and stating, in substance, the following:

- The Plaintiff would have received a "Defendant's copy" of the Complaint-Warrant, at the time of his arrest or at the latest when he was released from county jail. (Metz Supp. Cert. ¶¶ 3-5) (attaching copy of complaint-warrant, DE 58-2)
- Ordinary discovery in a criminal case would have resulted in the turnover of copies of the complaint-warrant, booking sheet, and other documents. (*Id.* ¶¶ 6–10)
- A request for the criminal file at any time following the plaintiff's release from county jail would have yielded these documents which reveal the arresting officer's name. (*Id.* ¶¶ 11–12)

I give these contentions some consideration, but no great weight. Officer Metz has no first-hand knowledge; he is opining as to what would ordinarily occur in a criminal case. Because this criminal case, unlike most, was almost immediately dismissed, the lack of any paper discovery is easily explained. At that time, moreover, the Plaintiff presumably had not yet consulted with counsel about the filing of a civil lawsuit. His failure to retain a copy of the complaint-warrant (assuming he received it), like his failure to remember the arresting officer's badge number or name, is understandable.

Still, the fact remains that Plaintiff and his counsel, knowing of the expiration of the limitations period, did not take reasonable steps to obtain the necessary facts. The second and third requirements of Rule 15(c), then, were not met, timely or otherwise.

Based on the authorities holding that municipal police officers do not have an identity of interest with their employer for relation back purposes, in

14

the context of the lack of justification for the delay or correction of any arguable "mistake," I find that the claims against Defendant Metz in the Second Amended Complaint do not relate back for purposes of Rule 15(c)(1)(C).

## IV. Conclusion

For the reasons stated above, Officer Metz's motion to dismiss is granted because the claims are barred by the relevant statutes of limitations. Because this is an initial dismissal as to this particular defendant, it is without prejudice to the filing of a motion for leave to amend the complaint within 30 days of this Opinion.

An appropriate Order follows.

Dated: January 31, 2019

HON. KEVIN MCNULTY, U.S.D.J.